UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10195-GAO

DANILO LOPES,
Petitioner,

v.

DUANE MACEACHERN,
Respondent.

OPINION AND ORDER
March 6, 2013

O'TOOLE, D.J.

Danilo Lopes was convicted of first degree murder, armed robbery, and illegal possession of a firearm by a jury in the Massachusetts Superior Court and sentenced to life imprisonment. The Supreme Judicial Court of Massachusetts thereafter affirmed the first degree murder and illegal possession convictions. Commonwealth v. Lopes, 914 N.E.2d 78 (Mass. 2009). The armed robbery conviction was vacated as a lesser included offense of felony first degree murder. Id. at 82. Lopes timely filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.      Background**

The following is a summary of pertinent facts taken from the SJC opinion:

On the morning of April 23, 2001, Jorge Fidalgo left a store he owned in Roxbury to make a bank deposit of cash and checks. Minutes later, police responded to a 911 report of a shooting and found Fidalgo slumped in the driver's seat with a gunshot wound behind his ear. Fidalgo was taken to a Boston hospital and pronounced dead. A witness (Fidalgo's cousin) described to police a van that he had seen parked in front of the victim's store shortly before the shooting.

Later that morning, based on the witness's description as broadcast by the Boston police, a police officer in Brockton stopped a van driven by the petitioner. Codefendant Isaiah Semedo was in the passenger seat. Police asked the petitioner if he and Semedo had come from Boston. When the petitioner answered that they had, police ordered the petitioner and Semedo out of the van and placed them in handcuffs while the police conducted a cursory search of the van. The police advised the petitioner and Semedo of their Miranda rights, and the petitioner may or may not have expressed a wish to remain silent.[1] Once the police finished their search, the police uncuffed the petitioner and Semedo and told them they were not under arrest and were free to leave if they wished.  However, the police also asked them if they would agree to go to the Brockton police department to be interviewed, and both men said they would. The petitioner and Semedo, without handcuffs and without being questioned any further, were driven separately by the police to the station.

At the police station, the petitioner and Semedo were taken to separate interview rooms. The petitioner was read and signed a Miranda form and agreed to talk to the police without a lawyer present. He spoke to police officers for approximately forty-five minutes, after which he was allowed to leave the police station.

Two days later, on April 25, the petitioner went to the Brockton police station with his father. The petitioner indicated that he "did" the "thing" that happened in Boston. Lopes, 914 N.E.2d at 94. The petitioner was taken alone to an interview room, again given Miranda warnings, and again agreed to answer questions. He confessed to the killing of Fidaglo.

---

[1] An officer testified that one of the men said nothing; the other said he had nothing to say. The officer could not remember which was which. Lopes, 914 N.E.2d at 91.

## II.     Standard of Review

The standard of review to be applied to the petition is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Under this standard, a writ of habeas corpus may not be issued for any claim "adjudicated on the merits in State court proceedings" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1).

A decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A decision involves an "unreasonable application" of established federal law if a state court identifies the correct "governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-408. The First Circuit has said that for the application of federal law to be "unreasonable," "some increment of incorrectness beyond error is required." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002) (en banc) (internal citations and quotations omitted). This increment "need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court." Id.

Finally, factual issues determined by the state courts are given a presumption of correctness. 28 U.S.C. § 2254(e)(1). A petitioner has the burden of overcoming the presumption by clear and convincing evidence. Id.

## III.    Discussion

The petitioner asserts three grounds for his petition for habeas relief. First, he argues that the state courts violated his Fourth and Fifth Amendment rights by denying his motions to

suppress evidence. Second, he argues the state courts allow his confession to be admitted in evidence. Third, he argues his right to due process was violated by an instruction to the jury that he could be convicted of felony murder on a theory of joint venture.

    A.      Denial of Motions to Suppress

The petitioner argues that his Fourth Amendment rights were violated by his April 23 traffic stop, and therefore evidence obtained as a result of the traffic stop should have been suppressed. The claim founders on the principle of Stone v. Powell, 428 U.S. 465 (1976). Where a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim the in state courts, "the Constitution does not require that . . . [he] be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. Moreover, if a petitioner has had the opportunity for full and fair litigation in state court, "a federal habeas court lacks the authority . . . to second-guess the accuracy of the state court's resolution of those claims." Sanna v. Dipaolo, 265 F.3d 1, 9 (1st Cir. 2001). A full and fair opportunity to litigate means "a set of procedures suitably crafted to test for possible Fourth Amendment violations." Id.

The petitioner received a full and fair opportunity to litigate his claim in state court. There was a four-day evidentiary hearing in Superior Court on the petitioner's motion to suppress, after which the motion judge made meticulous findings of fact. The SJC conducted an independent review of the judge's findings and accepted them. These proceedings were plainly suitably crafted to ensure the petitioner's Fourth Amendment rights had not been violated. There is no ground for habeas relief.

B.     Admission of the Petitioner's Confession

The petitioner argues that his April 25 confession at the Brockton police station was involuntary for a number of reasons, including that it was taken when he was suicidal and that his father allegedly forced him to confess. Therefore, the petitioner argues, it was a violation of his due process rights for the trial court to permit the confession to be admitted in evidence against him at trial.

The SJC's finding that the petitioner's confession was voluntary, and therefore admissible, was not an unreasonable application of federal law. The SJC identified the correct governing legal principles, first that voluntariness should be evaluated based on the totality of the circumstances, see United States v. Rojas-Tapia, 446 F.3d 1, 4-5 (1st Cir. 2006), and then that a confession by an individual with suicidal ideation is not necessarily involuntary, see United States v. Hughes, 640 F.3d 428, 437-38 (1st Cir. 2011) (citing Colorado v. Connelly, 479 U.S. 157, 164 (1986)).[2] The SJC did not unreasonably apply these principles to the facts of the petitioner's case as stated by that court, which facts, as noted, are presumed to be correct.

C.     Joint Venture Instructions

The petitioner argues that his right to due process was violated because he did not receive fair notice that he might be convicted of felony murder on a joint venture theory because the joint venture theory was not explicitly set forth in the indictment and had not been presented to the grand jury.

The respondent's brief establishes why the indictment conformed to proper Massachusetts pleading practice and permitted conviction on the joint venture theory as a matter

---

[2] The SJC actually cited Massachusetts cases for these propositions, Commonwealth v. Selby, 651 N.E.2d 843, 848 (Mass. 1995) and Commonwealth v. LeBlanc, 744. N.E.2d 33, 38 (Mass. 2001). The federal and state principles are the same, and it is the state court's adherence to the proper federal principles that is in issue in a habeas case.

of state law. Those issues are not germane here. In order to conform to constitutional requirements, allegations and proof must correspond sufficiently so that the defendant is "informed as to the charges against him, so that he may be enabled to present his defense . . . ." United States v. Resendiz-Ponce, 549 U.S. 102, 108, (2007); Berger v. United States, 295 U.S. 78, 82 (1935).

The SJC found as a factual matter, again here presumptively correct, that during the Superior Court trial, his counsel had access to Grand Jury minutes and to the Commonwealth's statement of the case. These sources both describe evidence that the petitioner and Semedo acted together to commit armed robbery and in doing so caused the death of Fidalgo. This described evidence clearly outlined a theory of joint venture felony murder. Commonwealth v. Raposo, 595 N.E.2d 773, 775 (Mass. 1992) (finding individual is a joint participant in a felony if he "in some sort associate[s] himself with the venture, . . . participate[s] in it as in something that he wishes to bring about, and . . . seek[s] by his action to make it succeed."); Commonwealth v. Gunter, 692 N.E.2d 515, 525 (Mass. 1998) ("To make out a case of murder, the prosecutor need only establish that the defendant committed a homicide while engaged in the commission of a felony.") The SJC also noted that, during the petitioner's Superior Court trial, the Superior Court judge commented during a sidebar that "it just seems to me it's got joint venture written all over it from the get-go." Lopes, 914 N.E.2d at 97 n.20. The conclusion that his due process right to notice had not been violated was not an unreasonable application of federal law to the facts as found.

**IV.** **Conclusion**

For the foregoing reasons, the petitioner is not entitled to a writ of habeas corpus, and his petition (dkt. no. 1) is therefore DENIED.

Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. §2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is SO ORDERED.

                                            /s/ George A. O'Toole, Jr.
                                             United States District Judge